UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND HANSEN and
DEBRA HANSEN,

    Plaintiffs,

vs.                                    Case No. 8:12-cv-00016-EAK-TBM

AMERICAN SECURITY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS COUNT II OF THE COMPLAINT

This cause is before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, filed on June 17, 2012. (Dkt.12). Plaintiffs responded in opposition on July 20, 2012. (Dkt.18). For the reasons set forth below, the Defendant's Motion is GRANTED.

## FACTS

Plaintiffs, Raymond and Debra Hansen ("the Hansens"), owned residential property located at 14098 Andrew Scott Road, Spring Hill, Florida 34609 (" Insured Property"), (Dkt.1). Defendant, American Security Insurance Company ("American Security"), is a foreign corporation doing business in the State of Florida and is a qualified insurance carrier licensed by the State of Florida to engage in the business of insurance with Florida citizens (Dkt.1). Defendant is incorporated in Delaware, and its principal place of business is in Georgia (Dkt.1). Defendant issued Plaintiffs a Homeowners Insurance Policy, Policy No. ALR21203333300 ("Policy"), (Dkt.2). Damage to the Insured Property as a result of sinkhole activity was covered by the Policy.

Around August 2010, the Insured Property sustained damage as a result of sinkhole activity (Dkt.12). Plaintiffs reported the damage to Defendant, and, in response, Defendant retained Central Florida Testing Laboratories, Inc. ("CFTL"), a geotechnical engineering company, to conduct a geotechnical investigation of the Property (Dkt.2). At the conclusion of its investigation, CFTL concluded that sinkhole activity was found in close proximity to the Plaintiff's Property and recommended a proposal for subsurface repairs to the Property (Dkt.2). Defendant adopted CFTL's findings, and admitted coverage for the sinkhole damage (Dkt.2).

Plaintiffs retained Florida Testing & Environmental, Inc. ("FTE") to conduct a review of the geotechnical investigation prepared by CFTL, and provide an estimate for their repair (Dkt.1, Ex.5). In a letter dated November 16, 2011, Plaintiffs advised Defendant that they disputed Defendant's estimate of damages to the Insured Property, and requested that the Defendant provide coverage for those repairs recommended by FTE (Dkt.1, Ex.5).

On December 9, 2011, Plaintiffs filed the underlying suit in the Circuit Court of the Fifth Judicial Circuit, in and for Hernando County Florida. (Dkt.1) On January 4, 2012, Defendant removed the action to this Court (Dkt.1). On January 12, 2012, Defendant moved for a stay of this action pending the completion of a neutral evaluation in accordance with Fla. Stat. § 627.7074 (Doc.4). The Neutral Evaluator, Edward D. Zisman, issued a report agreeing with the recommendations of CFTL (Dkt.10, Ex.1). After an agreement could not be made between the parties, this Court ordered the matter re-opened on June 6, 2012 (Dkt.11).

There are two counts in Plaintiffs' Complaint (Dkt.2). Count I alleges a breach of contract. (Dkt.2 ¶ 9). Count II requests declaratory action (Dkt.2 ¶ 14). This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 449, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the claim does not plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." '*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940 (2009) (quoting *Twombly*, 550 U.S. at 570.) In ruling on a motion to dismiss, the Court must review the complaint in the light most favorable to the Plaintiff. *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir.1994). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. *Fed.R.Civ.P. 10(c)*; *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir.1993). The Court will liberally construe the complaint's allegation in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

## DISCUSSION

Plaintiffs bring two claims against the Defendant in the Complaint. Count I is for a breach of contract. Count II is for declaratory relief. Defendant seeks dismissal of Count II of the Complaint, on the grounds that the Complaint fails to allege a real or immediate controversy to support a claim for declaratory relief. According to the Defendant, the Complaint alleges only a dispute as to coverage under the Policy, and does not claim that the provisions of the Policy are ambiguous or that there is an issue regarding the rights under the Policy. As such, the Defendant argues that the Complaint in Count II fails to state a claim for declaratory judgment on which relief can be granted. Defendant also argues that Count II is subsumed by the breach of contract

claim in Count I, and, therefore, fails to state a claim for declaratory judgment on which relief can be granted.

This court has previously noted that Florida's Declaratory Judgment Act is a "procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." *Liotto v. Hartford Ins. Co. of the Midwest*, 2012 WL 646257 (M.D.Fla.2012) (quoting *Strubel v. Hartford Ins. Co. of the Midwest*, 2010 WL 745616 (M.D.Fla.2010)). Florida's procedural rules are inapplicable because this is a diversity action. See generally *Erie R.R. Co. v. Tompkins*, 304 U.S.64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Therefore, Plaintiff's claim for declaratory relief is controlled by the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

Claims for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, may be issued only in the case of an "actual controversy." *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir.1985)). The question is "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Oil Co.*, 312 U.S. 270, 273 (1941). At a minimum, a claim for declaratory judgment must be supported by allegations from which a substantial continuing controversy may reasonably be inferred. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir.1999).

The Court finds that Count II for declaratory relief fails to allege any real or immediate controversy and is superfluous to the breach of contract claim in Count I of the Complaint. Count II for declaratory relief stems from the same set of facts as the breach of contract claim. The essence of the complaint is that Defendant breached the Policy by failing to pay for all the

Plaintiffs' covered loss under the Policy- not that the Policy is ambiguous or that the parties are uncertain as to their rights. The real issue in this case is the amount of damages that Defendant owes to Plaintiffs for damage to the Insured Property. In the absence of any real and immediate controversy apart from what is alleged in Count I, Defendant's Motion to Dismiss Count II will be granted. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss Count II be **GRANTED** and that Count be dismissed from this cause of action.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 9th day of October, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record